

April 14, 2010

**VIA ECF AND**
**E-MAIL: bzpo@cand.uscourts.gov**

The Honorable Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *In re Bare Escentuals, Inc. Securities Litigation*
             Master File No. C-09-03268-PJH

Your Honor:

      Lead Plaintiffs respectfully submit this letter pursuant to the Court's February 19, 2010 Initial Discovery Order (Dkt. No. 30) seeking leave to serve a third-party document preservation subpoena on non-party Ernst & Young LLP ("E&Y"), who, until March 9, 2010, had served as the outside financial auditors to Bare Escentuals, Inc. ("Bare Escentuals") for the Company's entire history as a publicly traded entity.

      The above-noted class action alleging violations of the federal securities laws was filed in this District on July 17, 2009 (Dkt. No. 1) and is pending before Judge Phyllis Hamilton in Oakland, California. On February 17, 2010, Judge Hamilton referred this case to Your Honor "for all discovery purposes." *See* Dkt. No. 29.

      The action is presently subject to an automatic discovery stay pursuant to Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") pending resolution of defendants' motions to dismiss filed February 26, 2010 and set for argument June 30, 2010. *See* 15 U.S.C. §78u-4(b)(3)(B). On March 3, 2010, at the request of the parties, Your Honor entered an Interim Document Preservation Order requiring, among other things that "Counsel for ***the Parties***…notify their clients of their document preservation obligations pursuant to the federal securities laws, the Federal Rules of Civil Procedure, the Court's Local Rules, and other applicable law." Dkt. No. 46.

      On or about March 12, 2010, Shiseido Co. Ltd. completed its acquisition of Bare Escentuals. Bare Escentuals disclosed in a Form 8-K Current Report on March 12, 2010 that in connection with consummation of that transaction, Bare Escentuals' Audit Committee had accepted the resignation of E&Y. As a non-party, E&Y is not subject to this Court's jurisdiction, its prior preservation order, or to the Exchange Act §21D(b)(3)'s express requirement that "[d]uring the pendency of any stay of discovery pursuant to this paragraph,…any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure."15 U.S.C. §78u-4(b)(3)(C). Lead Plaintiffs believe E&Y is in possession, custody and control of documents and other materials, including electronically

ATTORNEYS AT LAW    CALIFORNIA    SCOTT+SCOTT LLP    619 233-4565 VOICE
                         NEW YORK    600 B STREET, STE 1500    619 233-0508 FAX
                         CONNECTICUT    SAN DIEGO, CA 92101    SCOTTLAW@SCOTT-SCOTT.COM
                         OHIO                                                            WWW.SCOTT-SCOTT.COM

stored information ("ESI"), relevant to Lead Plaintiffs' allegations in this action, or likely to lead to the discovery of relevant evidence ("Potentially Relevant Materials"). Lead Plaintiffs also believe that the destruction of Potentially Relevant Materials, including ESI, is imminently likely in the normal course of business given that E&Y will no longer be serving as the Company's independent registered public accounting firm, and on that basis sought defendants' permission to serve a third-party document preservation subpoena. As at least one federal court has noted, "[i]t may be necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by 'performing routine backup procedures.'" *In re Nat'l Century Fin. Enter. Inc. Fin. Investment*, 347 F.Supp.2d 538, 542 (S.D.Ohio 2004) (citation omitted); *see also In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) (granting motion for preservation subpoenas to protect against destruction due to ordinary retention policies); *Applied Telematics, Inc. v. Sprint Commc'ns Co., L.P.*, No. 94-cv-4603, 1996 WL 33405972, at *1 (E.D. Pa. Sept. 17, 1996) ("In accordance with defendant's normal operating procedures, every week the computer system is backed up and saved, thereby deleting the backup from the prior week. After one week, therefore, historical information is unavailable from the computer system.").

Exchange Act §21D(b)(3)(B) expressly permits the Court to lift the statutory discovery stay for the limited purpose of issuing document preservation subpoenas "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B); *see gen. Vezzetti v. Remec, Inc.*, No. 99 CV 0796, 2001 U.S. Dist. LEXIS 10462 (S.D. Cal. July 23, 2001) (ordering document preservation subpoenas to ensure third party evidence retention); *Novak v. Kasacks,* No. 96 Civ. 3073, 1996 U.S. Dist. LEXIS 11778 (S.D.N.Y. Aug. 15, 1996) (noting that when granted, such a preservation "order is without prejudice to the right of the subpoenaed parties to seek relief once subpoenas have been issued"); *see also Koncelik v. Savient Pharm., Inc.*, No. 08 Civ. 10262, 2009 WL 2448029, at *3 (S.D.N.Y. Aug. 10, 2009) (lifting discovery stay for limited purpose of identifying and serving third party document preservation subpoenas); *In re Refco, Inc.,* No. 05 Civ. 8626, 2006 WL 2337212, at *5 (S.D.N.Y. Aug. 8, 2006) (lifting stay to permit service of third party document preservation subpoenas); *Gervis v. Berg*, No. 00 Civ. 3362, 2005 WL 3299436, at *2-*3 (E.D.N.Y. Oct. 20, 2005) (same); *In re Tyco Int'l, Ltd., Sec. Litig.*, No. 00 MD 1335, 2000 WL 33654141, at *5 (D.N.H. July 27, 2000) (same).

We have met and conferred with defendants, including circulating a copy of proposed Schedule A to the E&Y document preservation subpoena. Defendants have advised that they take no position and on that basis do not oppose this motion for the reasons to be provided to Your Honor in a separate letter of non-opposition.

Accordingly, pursuant to the Court's February 19, 2010 Initial Discovery Order, Lead Plaintiffs hereby seek: (i) leave to serve the attached third-party document subpoena on E&Y, or, alternatively, (ii) if the Court wants the issue fully briefed, a briefing schedule on Lead Plaintiffs' uncontested motion.

Sincerely,
SCOTT+SCOTT LLP

Mary K. Blasy

cc:   Arthur L. Shingler III
      Jerome F. Birn, Jr.
      Kelley M. Kinney
      Norman Blears

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District~~District~~ of New York

| IN RE BARE ESCENTUALS, INC. SEC. LITIG. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. C-09-03268-PJH |
|  | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District~~District~~ of California ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ERNST & YOUNG LLP
5 Times Square, 14th Floor, New York, NY 10036

☑ *Production:* **YOU ARE COMMANDED** to ~~produce at the time, date, and place set forth below~~ preserve the following documents, electronically stored information, or objects, ~~and permit their inspection, copying, testing, or sampling of the material~~: See attached Schedule A

| Place: | Date and Time: |
|---|---|
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____             _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lead Plaintiffs Vincent J. Takas and Westmoreland County Retirement Sys._____, who issues or requests this subpoena, are:
Mary K. Blasy, Scott+Scott LLP, 600 B Street, #1500, San Diego, CA 92101 (619) 233-4565

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  C-09-03268-PJH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# PROPOSED ERNST & YOUNG LLP SUBPOENA SCHEDULE A

## I.   INTRODUCTION – PRESERVATION OBLIGATION ONLY

This subpoena is for the *preservation of documents only* and does not require production of any documents at this time. A discovery stay is presently in effect in force in the above-captioned litigation in accordance with Section 21D(b)(3)(B) of the Securities Exchange Act of 1934. *See* 15 U.S.C. §78-u4(b)(3)(B). You are being informed about and put on notice of the existence of the legal action set forth above and of your legal obligation to maintain all of the documents in your possession, custody or control, which are encompassed by the descriptions below, until the final resolution of the case. You are prohibited from destroying, discarding, shredding, deleting, or in any other way disposing of any of the documents described below, *including, but not limited to, electronically stored information*, as defined herein, until further order of the Court. You shall maintain all such documents in the order and manner in which you currently maintain them as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure. All documents should be preserved so that they may, if needed or requested, be produced later pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

## II.   DEFINITIONS

As used in this Schedule A, the following terms have meanings set forth below:

1. "You" and "your" mean Ernst & Young LLP and any of its predecessors, successors, parents or subsidiaries, officers, analysts and employees.

2. "Bare Escentuals" or the "Company" means Bare Escentuals, Inc. and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

3.  "Defendants" refers to Bare Escentuals, Inc., Leslie A. Blodgett, Myles B. McCormick, Diane M. Miles, Ross M. Jones, Bradley M. Bloom, John C. Hansen, Michael J. John, Lea Anne Ottinger, Karen M. Rose, Glen T. Senk, Goldman Sachs Group, Inc., CIBC World Markets, Banc Of America Securities LLC, Piper Jaffray Companies, Thomas Weisel Partners LLC, and Suntrust Robinson Humphrey, Inc., f/k/a Suntrust Capital Markets, Inc., and their respective agents, attorneys, accountants, employees, partners and other persons occupying similar positions or performing similar functions.

4.  "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was prearranged, or whether or not the meeting was formal or informal or occurred in connection with some other activity.

5.  "Document" or "documents" has the same meaning as "writings," which is defined in Fed R. Civ. P. 34(a) and Fed R. Evid. 1001, including any preliminary versions, drafts or revisions, and electronically-stored documents, as defined below.

6.  "Electronically stored information" or "ESI" means, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages or bulletin board programs, operating systems, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, a file fragment, a backup tape or is deemed "not reasonably accessible" per Federal

Rule of Civil Procedure 26(b)(2)(B); and (iv) activity listings of electronic mail receipts and/or transmittals; and any an all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnet tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, an physical storage device associated with each original or copy of all documents requested herein.

   7. "Audit documentation" has the same meaning as defined by California Business & Professions Code §5097, including, but not limited to, programs, analyses, memoranda, letters of confirmation and representation, copies or abstracts of company documents, and schedules or commentaries prepared or obtained by you. Further, such audit documentation must be sufficient for to enable a reviewer with relevant knowledge and experience, having no previous connection with the audit engagement, to understand the nature, timing, extent, and results of the auditing or other procedures performed, evidence obtained, and conclusions reached, and to determine the identity of the persons who performed and reviewed the work.

   8. "Workpapers" means all audit documentation and documents concerning the work performed, information obtained and conclusions reached in the engagement by any auditor, practitioner, consultant or any other person working on your behalf. Additionally, the workpapers for any audit or attestation include, but are not limited to, those documents defined by Generally Accepted Auditing and Attestation Standards as follows:

> Working papers are records kept by the auditor [or practitioner] of the procedures applied, the tests performed, the information obtained, and the pertinent conclusions reached in the engagement. Examples of working papers are audit programs, analyses, memoranda, letters of confirmation and representation, abstracts of company documents, and schedules or commentaries prepared or obtained by the auditor. Working papers also may be in the form of data stored on tapes, films, or other media.

PROPOSED ERNST & YOUNG LLP SUBPOENA SCHEDULE A        - 3 -

09-cv-03268-PJH

9. "Professional services" means any work performed by you for Bare Escentuals.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes all original and all non-identical copies of all documents, as defined herein, sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

11. "Control" means, without limitation, possession, custody or control of the document, including the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from any service provider or professional firms.

12. "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation or government body.

13. The term "any" and the term "all" shall each mean "any and all." The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

14. "Refer" or "relate" and "referring" or "relating" shall include the terms of describing, evidencing, constituting, comprising, consisting of, containing, discussing, mentioning, pertaining to, reflecting upon, and representing.

15. The singular of any term shall include the plural, and the plural of any term shall include the singular.

III. **INSTRUCTIONS**

1. You are instructed to maintain each document in your possession, custody or control, which is encompassed by the descriptions below, without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive.

2. These requests, and the definitions and instructions set forth herein, shall be deemed continuing so as to require you to maintain until the final resolution of this case all responsive documents in your possession, custody or control as of the date of this subpoena and all responsive documents that come into your possession, custody or control after the date of this subpoena.

3. All documents shall be preserved so that they may later be produced in the file folder, envelope or other container in which the documents are kept, maintained or stored in the ordinary course of business.

4. In preserving documents and other materials, you are requested to preserve all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5. The original of each document requested, together with all non-identical copies and drafts of that document, should be preserved.

6. The fact that a document is preserved or produced by a defendant or other subpoenaed third party will not relieve you of the obligation to preserve, or subsequently produce, your copy of the same document, even if the two documents are identical in all respects.

## IV. ADDITIONAL INSTRUCTIONS CONCERNING PRESERVATION OF ELECTRONIC AND COMPUTER DOCUMENTS

You shall preserve in its original form all ESI relating to Bare Escentuals that would be responsive to any of the Requests set forth below as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure. You shall suspend any activity, policy or practice that may alter, delete, or render not reasonably accessible any responsive ESI. This suspension applies to both normal data destruction and backup tape rotation and recycling programs where such programs risk destroying or altering responsive ESI. You shall not recycle or reuse any backup tape containing ESI relating to Bare Escentuals that would be responsive to any of the Requests set forth below. ESI shall not be converted to a form that alters the ESI, deletes the ESI, downgrades its accessibility and/or degrades its searchability. You should also preserve any application software necessary to view relevant ESI to the extent such application software is proprietary or otherwise not commercially available.

## V. RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from January 1, 2004 through the present and shall include all documents and information which related in whole or in part to such period or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## VI. DOCUMENTS TO BE PRESERVED

REQUEST NO. 1:   All documents concerning any professional services performed by you for Bare Escentuals, or the individual defendants including, but not limited to:

      (a)    Audits;

      (b)    Consulting;

  (c) Reviews;

  (d) Tax;

  (e) Due Diligence or Transaction Services;

  (f) Assurance, Accounting and Attestation;

  (g) Agreed-upon Procedures; and

  (h) Letters to Underwriters, commonly referred to as comfort letters.

REQUEST NO. 2: All workpapers concerning all professional services performed by you for Bare Escentuals, or the individual defendants including, but not limited to:

  (a) Audits;

  (b) Consulting;

  (c) Reviews;

  (d) Tax;

  (e) Due Diligence or Transaction Services;

  (f) Assurance, Accounting and Attestation;

  (g) Agreed-upon Procedures; and

  (h) Letters to Underwriters, commonly referred to as comfort letters.

REQUEST NO. 3: All documents constituting or concerning communications to, from, or relating to Bare Escentuals, or the individual defendants, including, but not limited to, correspondence, files and written communication electronically preserved.

REQUEST NO. 4: All documents relating to communications concerning Bare Escentuals with, including but not limited to, any documents supplied to the Securities and Exchange Commission, securities analysts, financial institutions, investment bankers, other outside auditors and/or investors.

PROPOSED ERNST & YOUNG LLP SUBPOENA SCHEDULE A

REQUEST NO. 5: All documents relating to Bare Escentuals or any aspect of the past, present or future business, operations, plans, projections, value or financial condition or performance of Bare Escentuals.

REQUEST NO. 6: All documents collected, reviewed, provided to or prepared by you (or anyone acting on your behalf) in connection with or relating to any due diligence or analysis performed by any person or entity in connection with or relating to any actual or proposed transactions or securities offerings involving Bare Escentuals, including, but not limited to, Bare Escentuals' September 2006, March 2007 and June 2007 stock offerings and the acquisition of Bare Escentuals by Shiseido Co., Ltd. completed in March 2010.

REQUEST NO. 7: All documents relating to Bare Escentuals' accounting (including, but not limited to, its accounting records, accounting procedures, accounting policies, and its financial or related accounting controls), and including, but not limited to, any investigations or inquiries (whether formal or informal) into any actual, possible or suspected accounting errors or irregularities by Bare Escentuals (whether or not such investigation was performed by you or on your behalf), and any actual, possible or proposed restatement of Bare Escentuals' financial statements, whether or not such restatement occurred.

REQUEST NO. 8: All documents relating to any audit work or consulting engagements for or concerning Bare Escentuals.

REQUEST NO. 9: All documents relating to the termination of E&Y's status as Bare Escentual's independent registered public accounting firm.

REQUEST NO. 10: All documents relating to QVC, including, but not limited to, any communications with QVC, sales exclusivity or retailer limitation obligations Bare Escentuals

had assumed arising out of its various business and contractual relationships with QVC, and any violations of those duties.

REQUEST NO. 11: All documents relating to Bare Escentuals' distribution and/or sales to non-U.S.-based distributors and customers, including, but not limited to, import/export reporting obligations, duties and taxes.

REQUEST NO. 12: All documents relating to the treatment of revenues derived from (and potential liabilities arising out of) Bare Escentuals' customer continuity program, the BAREMINERALS makeup club, including any communications with the Better Business Bureau and/or state attorneys general.

REQUEST NO. 13: All documents relating to the acquisition, sale, purchase, transfer, exercise or brokering of any Bare Escentuals' securities (including options and warrants) by any Bare Escentuals' employee, executive, director or affiliate (including QVC).

REQUEST NO. 14: All documents concerning your document destruction, retention and alteration policy in effect during the relevant time period, including without limitation, any such policies concerning electronically-stored documents and e-mail.

REQUEST NO. 15: All documents concerning the preservation, search for, collection, maintenance, destruction or alteration of any and all documents (including e-mail and other electronic data) concerning Bare Escentuals that were undertaken with respect to this action, including, without limitation, all such action taken after this action was filed but prior to this request.