

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

April 14, 2010

**VIA ECF and EMAIL:  bzpo@cand.uscourts.gov**

The Honorable Bernard Zimmerman
U. S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

  Re: *In re Bare Escentuals, Inc. Securities Litigation,* C-09-3268 PJH (BZ)

Dear Judge Zimmerman:

  The Bare Escentuals' defendants ("Defendants") respectfully submit this letter of non-opposition to Plaintiffs' letter of April 14, 2010 seeking to serve a third-party document preservation subpoena on non-party Ernst & Young LLP.  Defendants take no position as to Plaintiffs' motion to serve a document preservation subpoena on its former auditors, Ernst & Young ("E&Y"), for the reasons stated below and, on that basis, do not oppose the motion.  Counsel for defendants Goldman Sachs Group, Inc., CIBC World Markets, Banc of America Securities LLC, Piper Jaffray Companies, Thomas Weisel Partners LLC, and SunTrust Robinson Humphrey, Inc., f/k/a SunTrust Capital Markets, Inc. joins this non-opposition.

  Defendants do not believe that discovery from E&Y would lead to information that is relevant to any party's claim or defense or to the subject matter of this action because the Corrected Consolidated Complaint does not contain any allegations pertaining to the Company's accounting; if this case survives the pending motions to dismiss, Defendants will object to the subpoena on numerous grounds.

  Moreover, Defendants do not believe that information hypothetically relevant to this litigation is in imminent danger of being destroyed.  The class period includes fiscal 2006, 2007 and ends in October 2008.  Ernst & Young's audits of those fiscal years were concluded long ago.  The audit of fiscal year 2008 was concluded more than one year ago, with the filing of the Company's Form 10-K on February 26, 2009.

  Further, Defendants do not generally believe that the discovery stay should be lifted to burden third parties with document preservation obligations before a complaint has survived a motion to dismiss, as several courts have held.  *E.g.*, *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997) (staying issuance of subpoenas to nonparties during pendency of motion to dismiss); *In re Fluor Corp. Sec. Litig.*, No. SA CV 97-734, 1999 WL 817206 (C.D. Cal. Jan. 15, 1999) (denying plaintiffs' motion to issue document preservation subpoenas to third-parties in securities litigation pending ruling on motion to dismiss).

  Finally, all audit firms are subject to strict document retention requirements, as set forth in Section 103 of the Sarbanes-Oxley Act of 2002.  15 U.S.C. § 7213.  Audit firms are also subject to regulation by the Securities & Exchange Commission and the Public Company Accounting Oversight Board ("PCAOB").  The SEC and PCAOB each require that an audit firm retain its workpapers for a prescribed period of time.  PCAOB Standard 3, Paragraph 16 specifically prohibits the removal of documents from the completed audit workpapers: "Audit documentation must not be . . . discarded

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Hon. Bernard Zimmerman
April 14, 2010
Page 2

after the documentation completion date." AS No. 3 ¶ 16 (Pub. Co. Accounting Oversight Bd. 2004). Similarly, the SEC requires that "[f]or a period of seven years after an accountant concludes an audit . . . the accountant shall retain records relevant to the audit . . . including workpapers . . . and memoranda . . . which: (1) [a]re created, sent or received in connection with the audit." 17 C.F.R. § 210.2-06.

    Defendants take no position with respect to this motion because they cannot evaluate if this subpoena places unacceptable further burdens on E&Y in addition to the existing retention requirements generally applicable to all audit firms. Whether that is the case is a matter for Plaintiffs, E&Y, and the Court.

Respectfully submitted,

Jerome F. Birn

Attorney for Bare Escentuals, Inc., Leslie A. Blodgett, Myles B. McCormick, Ross M. Jones, Bradley M. Bloom, John C. Hansen, Michael J. John, Lea Anne Ottinger, Karen M. Rose, Glen T. Senk, and Diane M. Miles

cc: Arthur L. Shingler, III
     Mary K. Blasy
     Norman J. Blears
     Kelley M. Kinney