

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

May 17, 2010

**VIA ECF and EMAIL: bzpo@cand.uscourts.gov**

The Honorable Bernard Zimmerman
U. S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** ***In re Bare Escentuals, Inc. Securities Litigation,* C-09-3268 PJH (BZ)**

Dear Judge Zimmerman:

The Bare Escentuals' defendants ("Defendants") respectfully submit this letter of non-opposition to Plaintiffs' letter of May 14, 2010 seeking to serve third-party document preservation subpoenas on non-parties Intelligent Beauty LLC and its counsel, Bryan Cave LLP. Defendants take no position with respect to Plaintiffs' motion for the reasons stated below and, on that basis, do not oppose the motion, provided, however, that the subpoenas do not alter Bare Escentuals' or Intelligent Beauty's post-litigation obligations under the Protective Order previously entered by Judge Breyer in *Bare Escentuals Beauty, Inc. v. Intelligent Beauty LLC,* Case No. 09-CV-00382 (CRB).[1]

Defendants do not believe that discovery from Intelligent Beauty or Bryan Cave would lead to information that is relevant to any party's claim or defense or to the subject matter of this action because the Corrected Consolidated Complaint does not contain any allegations pertaining to the *Intelligent Beauty* litigation or more generally to any of the claims or defenses asserted therein. If this case survives the pending motions to dismiss, Defendants will object to the subpoena on numerous grounds and preserve all objections concerning the later production of such documents.

Defendants do not oppose Plaintiffs' request simply because the preservation of documents already produced and the related litigation files in a case that has settled would appear to put no further burden on the subpoenaed parties. As we stated in response to Plaintiffs' prior request, Defendants do not generally believe that the discovery stay should be lifted to burden third parties with document preservation obligations before a complaint has survived a motion to dismiss, as several courts have held. *E.g.*, *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997) (staying issuance of subpoenas to nonparties during pendency of motion to dismiss); *In re Fluor Corp. Sec. Litig.*, No. SA CV 97-734, 1999 WL 817206 (C.D. Cal. Jan. 15, 1999) (denying plaintiffs' motion to issue document preservation subpoenas to third-parties in securities litigation pending ruling on motion to dismiss).

Defendants understand from meeting and conferring with Plaintiffs that Plaintiffs do not seek to alter the post-litigation obligations of Intelligent Beauty or Bryan Cave under the Protective Order previously issued by Judge Breyer. A copy of the Protective Order is attached for Your Honor's reference. Paragraph 13 of the Protective Order provides that each party will either return or destroy

[1] Defendants note that they have voluntarily agreed with plaintiffs to preserve certain categories of documents related to the Intelligent Beauty litigation, subject to the Protective Order in that case.

the other party's "Protected Material" at the end of the litigation. To be consistent with Judge Breyer's Protective Order, we propose simply that Your Honor's Order provide that Intelligent Beauty (and Bryan Cave) either seek the return of all "Protected Material" produced to Bare Escentuals or, after confirming that it has a complete set of such information, instruct Bare Escentuals to destroy the "Protected Material" in Bare Escentuals' possession; Bare Escentuals has already agreed with Plaintiffs to do so with respect to its Protected Material.

Respectfully submitted,

Jerome F. Birn, Jr.

Attorney for Bare Escentuals, Inc., Leslie A. Blodgett, Myles B. McCormick, Ross M. Jones, Bradley M. Bloom, John C. Hansen, Michael J. John, Lea Anne Ottinger, Karen M. Rose, Glen T. Senk, and Diane M. Miles

Attachment

cc: Arthur L. Shingler, III
Mary K. Blasy
Norman J. Blears
Kelley M. Kinney

WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
K. Joon Oh (SBN: 246142)
koh@winston.com
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

BRYAN CAVE LLP
Marcy Bergman (CA Bar No. 75826)
Marcy.Bergman@bryancave.com
Keith D. Klein (SBN: 184846)
keith.klein@bryancave.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: 310-576-2100
Facsimile: 310-576-2200
Attorneys for Defendant
INTELLIGENT BEAUTY, LLC

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC.,<br>Plaintiff,<br>v.<br>INTELLIGENT BEAUTY, LLC,<br>Defendant. | **Case No. 09-CV-00382 (CRB)**<br><br>**STIPULATED AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Nothing in this protective order shall impose any greater obligation on either party than exists under the law.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, Employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including without limitations documents, electronically stored information, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) or state or federal rights to privacy.

2.4. "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. "Extremely Confidential – Outside Counsel's Eyes Only" Information or Items: extremely sensitive "Highly Confidential – Attorneys' Eyes Only Information or Items" whose disclosure pursuant to a lesser designation gives another Party or non-party a competitive

advantage. For example, company financial information should be designated as "Extremely Confidential – Outside Counsel's Eyes Only."

2.6. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Extremely Confidential – Outside Counsel's Eyes Only."

2.9. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Extremely Confidential – Outside Counsel's Eyes Only."

2.10. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11. House Counsel: attorneys who are employees of a Party.

2.12. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.13. Employees: Full and part-time employees of a Party, as well as any independent contractors who work exclusively for a Party.

2.14. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.15. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." upon each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.") upon each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Alternatively, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days from the receipt of the written transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the media (*e.g.*, diskette, CD-ROM or DVD), container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," and by affixing the appropriate legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" upon each page that contains Protected Material. In the case of native files for which it is not reasonably practicable to mark each page, the Producing Party need not do so, but shall clearly specify which material it is designating.

If a Receiving Party prints out or otherwise renders paper copies of any Protected Material produced in electronic format, the Receiving Party agrees to retain any confidentiality legend provided by the Producing Party on each page of such copies, or if no page by page legend was provided by the Producing Party for the reasons set forth in the preceding paragraph, to affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

ATTORNEYS' EYES ONLY," or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Extremely Confidential – Outside Counsel's Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Extremely Confidential – Outside Counsel's Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may

file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and Employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author of the document or the original source of the information.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

7.4. Disclosure of "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their depositions, witnesses in the action who are either the authors of the document, the original sources of the information, the recipients of the document (not including as part of this litigation), or the officers, directors, or Employees of the Designating Party

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(f) the author of the document or the original source of the information.

7.5. Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL ¬ATTORNEYS' EYES ONLY" and "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL or EXTREMELY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6. Use of Protected Materials At Deposition. Whenever any Protected Materials are introduced as exhibits in connection with a deposition given in this action, counsel introducing such exhibits shall provide the court reporter (and videographer, if applicable) with a copy of this Order and advise the court reporter (and videographer, if applicable) that the portions of the testimony which refer to such exhibits and the exhibits themselves shall be afforded confidential treatment pursuant to this Order.

7.7. Exceptions. Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing Protected Materials to the person whom the document identifies as an author or recipient of such Protected Material (including carbon copy or blind carbon copy recipients), or to the officers, directors and Employees of the Designating Party.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

"EXTREMELY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file

under seal any Protected Material must comply with Civil Local Rule 79-5.

11. SECURITY OF PROTECTED MATERIALS. The Receiving Party shall maintain all Protected Materials in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Materials as is ordinarily exercised by the Receiving Party with respect to its own information of a similar nature, but in no event less than due care.

12. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION. Inadvertent production of Disclosure or Discovery Materials subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. Such inadvertently produced documents shall be returned to the Producing Party upon request. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them prior to the request to return them. Counsel for the party responsible for the disclosure shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Disclosure or Discovery Materials from the recipient(s) thereof. Compliance with the foregoing shall not prevent the disclosing or receiving party from seeking further relief from the Court.

13. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 (DURATION), above.

14. MISCELLANEOUS

14.1. Outside Counsel's Communication With Client. Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Protected Materials produced by another Party, provided, that such communications or advice shall not directly or indirectly disclose or reveal the contents of such Protected Materials.

14.2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.3. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

////

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 1, 2009

WINSTON & STRAWN LLP

/s/ K. Joon Oh
Andrew P. Bridges
Jennifer A. Golinveaux
K. Joon Oh
Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

Dated: June 1, 2009

BRYAN CAVE LLP

/s/ Keith D. Klein
Marcy Bergman
Keith D. Klein
Attorney for Defendant
INTELLIGENT BEAUTY, LLC

K. Joon Oh attests that he has obtained the concurrence of Keith D. Klein for the filing of this document.

/s/ K. Joon Oh
K. Joon Oh
Attorney for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 2, 2009

Judge Charles R. Breyer
United States District Judge

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Charles R. Breyer

////

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, __________________________ [*print or type full name*], of ________________ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ________[*date*] in the case of *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC,* No. 09-CV-00382 (CRB) (N.D. Cal. Jan. 27, 2009). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [*print or type full name*] of _______________________________________ [*print or type full address and telephone number*] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________

City and State where sworn and signed: _________________________________

Printed name: _____________________________
[*printed name*]

Signature: _________________________________
[*signature*]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894