

May 14, 2010

**VIA ECF AND**
**E-MAIL: bzpo@cand.uscourts.gov**

The Honorable Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *In re Bare Escentuals, Inc. Securities Litigation*
           Master File No. C-09-03268-PJH

Your Honor:

Lead Plaintiffs respectfully submit this letter pursuant to the Court's February 19, 2010 Initial Discovery Order (Dkt. No. 30) seeking leave to serve a third-party document preservation subpoena on non-parties Intelligent Beauty, LLC ("Intelligent Beauty") and the law firm of Bryan Cave LLP ("Bryan Cave"). Defendants do not oppose service of the proposed document preservation subpoenas.

The above-noted class action alleging violations of the federal securities laws was filed in this District on July 17, 2009 (Dkt. No. 1) and is pending before Judge Phyllis Hamilton in Oakland, California. On February 17, 2010, Judge Hamilton referred this case to Your Honor "for all discovery purposes." *See* Dkt. No. 29.

The action is presently subject to an automatic discovery stay pursuant to Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") pending resolution of defendants' motions to dismiss filed February 26, 2010 and set for argument June 30, 2010. See 15 U.S.C. §78u-4(b)(3)(B). On March 3, 2010, at the request of the parties, Your Honor entered an Interim Document Preservation Order requiring, among other things that "Counsel for *the Parties* … notify their clients of their document preservation obligations pursuant to the federal securities laws, the Federal Rules of Civil Procedure, the Court's Local Rules, and other applicable law." Dkt. No. 46.

Bare Escentuals Inc. ("Bare Escentuals") recently settled litigation with Intelligent Beauty – *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC*, Case No. 03:09-cv-00382-CRB (N.D. Cal.) ("the *Intelligent Beauty Litigation*") – in which Bryan Cave attorneys served as counsel of record for Intelligent Beauty. *See Intelligent Beauty Litigation,* Dkt. No. 115, Stipulation and [Proposed] Order. Lead Plaintiffs contend Intelligent Beauty raised affirmative defenses and made counterclaims based on Bare Escentuals' mandatory continuity program and bareMinerals makeup club (*see Intelligent Beauty Litigation,* Dkt. No. 65, Defendant Intelligent Beauty, LLC's First Amended Answer and Counterclaim to Plaintiff's First Amended Complaint at 20-32), which relate to Lead Plaintiffs' allegations regarding the same. *See* Dkt. No. 24, Corrected Consolidated Complaint for Violations of the Federal Securities Laws at ¶¶18, 30, 59, 62, 73, 83, 115, 128, 134(f), 139, 147, 177-79, 184, 207.

As non-parties, Intelligent Beauty and Bryan Cave are not subject to this Court's jurisdiction, its prior preservation order, or to the Exchange Act §21D(b)(3)'s express requirement that "[d]uring the pendency of any stay of discovery pursuant to this paragraph, …

ATTORNEYS AT LAW      CALIFORNIA      SCOTT + SCOTT, LLP      619 233-4565 VOICE
                  NEW YORK      600 B STREET, STE 1500      619 233-0508 FAX
                  CONNECTICUT      SAN DIEGO, CA 92101      SCOTTLAW@SCOTT-SCOTT.COM
                  OHIO                          WWW.SCOTT-SCOTT.COM



Hon. Bernard Zimmerman
May 14, 2010
Page 2

any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(b)(3)(C)(i).  Lead Plaintiffs believe Intelligent Beauty and Bryan Cave are in possession, custody and control of documents and other materials, including electronically stored information ("ESI"), relevant to Lead Plaintiffs' allegations in this action, or likely to lead to the discovery of relevant evidence ("Potentially Relevant Materials").  Lead Plaintiffs also believe that the destruction of Potentially Relevant Materials, including ESI, is imminently likely in the normal course of business given that the *Intelligent Beauty Litigation* has settled.

On that basis, Lead Plaintiffs sought defendants' permission to serve third-party document preservation subpoenas.  As at least one federal court has noted, "[i]t may be necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by 'performing routine backup procedures.'" *In re Nat'l Century Fin. Enter. Inc. Fin. Investment*, 347 F.Supp.2d 538, 542 (S.D. Ohio 2004) (citation omitted); *see also In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) (granting motion for preservation subpoenas to protect against destruction due to ordinary retention policies); *Applied Telematics, Inc. v. Sprint Commc'ns Co., L.P.*, No. 94-cv-4603, 1996 WL 33405972, at *1 (E.D. Pa. Sept. 17, 1996) ("In accordance with defendant's normal operating procedures, every week the computer system is backed up and saved, thereby deleting the backup from the prior week. After one week, therefore, historical information is unavailable from the computer system.").

Exchange Act §21D(b)(3)(B) expressly permits the Court to lift the statutory discovery stay for the limited purpose of issuing document preservation subpoenas "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B); *see also Koncelik v. Savient Pharm., Inc.*, No. 08 Civ. 10262, 2009 WL 2448029, at *3 (S.D.N.Y. Aug. 10, 2009) (lifting discovery stay for limited purpose of identifying and serving third party document preservation subpoenas); *In re Refco, Inc.*, No. 05 Civ. 8626, 2006 WL 2337212, at *5 (S.D.N.Y. Aug. 8, 2006) (lifting stay to permit service of third party document preservation subpoenas); *Gervis v. Berg*, No. 00 Civ. 3362, 2005 WL 3299436, at *2-*3 (E.D.N.Y. Oct. 20, 2005) (same); *In re Tyco Int'l, Ltd., Sec. Litig.*, No. 00 MD 1335, 2000 WL 33654141, at *5 (D.N.H. July 27, 2000) (same).

We have met and conferred with defendants, including circulating a copy of the proposed Schedule A to the Intelligent Beauty and Bryan Cave document preservation subpoenas. Defendants have advised that they do not oppose Lead Plaintiffs' motion.  These Schedule As are in similar fashion to the document preservation subpoena Your Honor recently granted leave to be served on non-party Ernst & Young.  *See* Dkt. No. 56, April 21, 2010 Fourth Discovery Order.

Accordingly, pursuant to the Court's February 19, 2010 Initial Discovery Order, Lead Plaintiffs hereby seek: (i) leave to serve the attached third-party document preservation subpoenas on Intelligent Beauty and Bryan Cave, or, alternatively, (ii) if the Court wants the issue fully briefed, a briefing schedule on Lead Plaintiffs' uncontested motion.

Hon. Bernard Zimmerman
May 14, 2010
Page 3

Sincerely,

SCOTT+SCOTT LLP

*/s/ Arthur L. Shingler III*

Arthur L. Shingler III

cc:   Mary K. Blasy
      Jerome F. Birn, Jr.
      Kelley M. Kinney
      Norman Blears

IT IS ORDERED that leave to serve the attached subpoenas is GRANTED, subject to the last paragraph of DOCKET NO. 71.

DATED:  May 17, 2010



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| IN RE BARE ESCENTUALS, INC. SEC. LITIG. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   C-09-03268-PJH |
| | ) |
| | ) (If the action is pending in another district, state where: |
| _Defendant_ | ) N.D. Calif.                          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  INTELLIGENT BEAUTY, LLC
       2301 Rosecrans Ave., Suite 4100, El Segundo, CA 90245

☑ *Production:* **YOU ARE COMMANDED** to ~~produce at the time, date, and place set forth below~~ preserve the following documents, electronically stored information, or objects, ~~and permit their inspection, copying, testing, or sampling of the material:~~

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

_CLERK OF COURT_

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lead Plaintiffs
Vincent J. Takas and Westmoreland County Retirement Sys.   , who issues or requests this subpoena, are:
Mary K. Blasy, Scott+Scott LLP, 600 B Street, #1500, San Diego, CA 92101 (619) 233-4565

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   C-09-03268-PJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**INTELLIGENT BEAUTY, LLC SUBPOENA SCHEDULE A**

## I.    INTRODUCTION – PRESERVATION OBLIGATION ONLY

This subpoena is for the ***preservation of documents only*** and does not require production of any documents at this time.   A discovery stay is presently in effect in the above-captioned litigation in accordance with Section 21D(b)(3)(B) of the Securities Exchange Act of 1934.   *See* 15 U.S.C. §78-u4(b)(3)(B).   You are being informed about and put on notice of the existence of the legal action set forth above and of your legal obligation to maintain all of the documents in your possession, custody or control, which are encompassed by the descriptions below, until the final resolution of the case.   You are prohibited from destroying, discarding, shredding, deleting, or in any other way disposing of any of the documents described below, ***including, but not limited to, electronically stored information***, as defined herein, until further order of the Court. You shall maintain all such documents in the order and manner in which you currently maintain them as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure.   All documents should be preserved so that they may, if needed or requested, be produced later pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

This preservation subpoena applies to responsive material ***within your possession, custody or control, which would include any responsive material held by Bryan Cave LLP***, your attorney of record in *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC*, Case No. 09-CV-00382-CRB (N.D. Cal.).

## II.    DEFINITIONS

As used in this Schedule A, the following terms have meanings set forth below:

1.    "You" and "your" mean Intelligent Beauty, LLC and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents,

attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

2.    "Bryan Cave" means Bryan Cave LLP, and includes any persons, controlled by or acting on behalf of that entity, including without limitation any of its predecessors, successors, parents, subsidiaries, affiliates, partners, attorneys, employees, contractors, agents, accountants, investigators and experts.

3.    "Bare Escentuals" means Bare Escentuals, Inc. and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

4.    "IB Litigation" means the case captioned *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC*, Case No. 09-CV-00382-CRB (N.D. Cal.).

5.    "Document" or "documents" has the same meaning as "writings," which is defined in Fed R. Civ. P. 34(a) and Fed R. Evid. 1001, including any preliminary versions, drafts or revisions, and electronically-stored documents, as defined below.

6.    "Electronically stored information" or "ESI" means, without limitation, the following:  (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages or bulletin board programs, operating systems, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a

INTELLIGENT BEAUTY, LLC SUBPOENA SCHEDULE A                                                    - 2 -

deleted file, a file fragment, a backup tape or is deemed "not reasonably accessible" per Federal Rule of Civil Procedure 26(b)(2)(B); and (iv) activity listings of electronic mail receipts and/or transmittals; and any an all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnet tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7.     "Professional services" means any work performed by you for Intelligent Beauty.

8.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes all original and all non-identical copies of all documents, as defined herein, sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

9.     "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was prearranged, or whether or not the meeting was formal or informal or occurred in connection with some other activity.

10.     "Control" means, without limitation, possession, custody or control of the document, including the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from any service provider or professional firms.

11.      "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation or government body.

12.     The term "any" and the term "all" shall each mean "any and all."  The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

13.     "Refer" or "relate" and "referring" or "relating" shall include the terms of describing, evidencing, constituting, comprising, consisting of, containing, discussing, mentioning, pertaining to, reflecting upon, and representing.

14.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

## III.   INSTRUCTIONS

1.     You are instructed to maintain each document in your possession, custody or control, which is encompassed by the descriptions below, without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive.

2.     This preservation subpoena requires you to ensure responsive material in your "possession, custody or control," as defined under the Federal Rules of Civil Procedure, be preserved, even if that responsive material is maintained by a third party, such as that maintained by Bryan Cave, your attorney of record in the IB Litigation.

3.     These requests, and the definitions and instructions set forth herein, shall be deemed continuing so as to require you to maintain until the final resolution of this case all responsive documents in your possession, custody or control as of the date of this subpoena and all responsive documents that come into your possession, custody or control after the date of this subpoena.

INTELLIGENT BEAUTY, LLC SUBPOENA SCHEDULE A                                    - 4 -

4.      All documents shall be preserved so that they may later be produced in the file folder, envelope or other container in which the documents are kept, maintained or stored in the ordinary course of business.

5.      In preserving documents and other materials, you are requested to preserve all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

6.      The original of each document requested, together with all non-identical copies and drafts of that document, should be preserved.

7.      The fact that a document is preserved or produced by a defendant or other subpoenaed third party will not relieve you of the obligation to preserve, or subsequently produce, your copy of the same document, even if the two documents are identical in all respects.

## IV.    ADDITIONAL INSTRUCTIONS CONCERNING PRESERVATION OF ELECTRONIC AND COMPUTER DOCUMENTS

You shall preserve in its original form all ESI that would be responsive to any of the Requests set forth below as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure.  You shall suspend any activity, policy or practice that may alter, delete, or render not reasonably accessible any responsive ESI.  This suspension applies to both normal data destruction and backup tape rotation and recycling programs where such programs risk destroying or altering responsive ESI. You shall not recycle or reuse any backup tape containing ESI that would be responsive to any of the Requests set forth below.  ESI shall not be converted to a form that alters the ESI, deletes the

INTELLIGENT BEAUTY, LLC SUBPOENA SCHEDULE A                                    - 5 -

ESI, downgrades its accessibility and/or degrades its searchability.  You should also preserve any application software necessary to view relevant ESI to the extent such application software is proprietary or otherwise not commercially available.

## V.     RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from January 1, 2004 through the present and shall include all documents and information which related in whole or in part to such period or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## VI.    DOCUMENTS TO BE PRESERVED

REQUEST NO. 1:     All documents that support or relate to Intelligent Beauty's legal theories, affirmative defenses or counterclaims in the IB Litigation, including without limitation all documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, including, but not limited to, non-identical drafts and final versions of pleadings, deposition transcripts, deposition digests, correspondence, memoranda, investigative reports, expert analyses, notes, and e-mails, whether created or obtained before or after the IB Litigation complaint was filed, deposition transcripts and summaries and documents produced by Bare Escentuals or any other party or non-party to Intelligent Beauty in the IB Litigation, whether through formal discovery processes or otherwise.

REQUEST NO. 2:     All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club produced in the IB Litigation, whether by a party or non-party.

REQUEST NO. 3:     All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, constituting or concerning communications to or

from Bryan Cave or Bare Escentuals, including, but not limited to, correspondence, files and written communication electronically preserved, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 4:    All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, constituting or concerning communications with or from consumers, the Better Business Bureau, state attorneys general or any other governmental agency, or any other consumer protection organization, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 5:    All documents collected, reviewed, provided to or prepared by you (or anyone acting on your behalf) in connection with or relating to any due diligence or analysis performed by any person or entity in connection with or relating to Bare Escentuals' customer continuity program or the bareMinerals makeup club, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 6:    All documents concerning your document destruction, retention and alteration policy in effect during the relevant time period, including without limitation, any such policies concerning electronically-stored documents and e-mail.

REQUEST NO. 7:    All documents concerning the preservation, search for, collection, maintenance, destruction or alteration of any and all documents (including e-mail and other electronic data) that were undertaken with respect to this action, including, without limitation, all such action taken after this action was filed but prior to this request.

INTELLIGENT BEAUTY, LLC SUBPOENA SCHEDULE A                                    - 7 -

AO 88B (Rev 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| IN RE BARE ESCENTUALS, INC. SEC. LITIG. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  C-09-03268-PJH |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  BRYAN CAVE LLP
　　　Two Embarcadero Center, Suite 1410, San Francisco, CA 94111

☑ *Production:* **YOU ARE COMMANDED** to ~~produce at the time, date, and place set forth below~~ the following preserve
documents, electronically stored information, or objects, and ~~permit their inspection, copying, testing, or sampling of the material~~

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ＿＿＿＿＿＿＿＿＿

　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　OR

　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　*Signature of Clerk or Deputy Clerk*　　　　　　*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*　　Lead Plaintiffs
　　Vincent J. Takas and Westmoreland County Retirement Sys.　　, who issues or requests this subpoena, are:
Mary K. Blasy, Scott+Scott LLP, 600 B Street, #1500, San Diego, CA 92101, 619-233-4565

AO 88B (Rev 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. C-09-03268-PJH

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## BRYAN CAVE LLP SUBPOENA SCHEDULE A

### I.    INTRODUCTION – PRESERVATION OBLIGATION ONLY

This subpoena is for the ***preservation of documents only*** and does not require production of any documents at this time.  A discovery stay is presently in effect in the above-captioned litigation in accordance with Section 21D(b)(3)(B) of the Securities Exchange Act of 1934.  *See* 15 U.S.C. §78-u4(b)(3)(B).  You are being informed about and put on notice of the existence of the legal action set forth above and of your legal obligation to maintain all of the documents in your possession, custody or control, which are encompassed by the descriptions below, until the final resolution of the case.  You are prohibited from destroying, discarding, shredding, deleting, or in any other way disposing of any of the documents described below, ***including, but not limited to, electronically stored information***, as defined herein, until further order of the Court. You shall maintain all such documents in the order and manner in which you currently maintain them as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure.  All documents should be preserved so that they may, if needed or requested, be produced later pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

### II.    DEFINITIONS

As used in this Schedule A, the following terms have meanings set forth below:

1.       "You" and "your" mean Bryan Cave LLP, and includes any persons, controlled by or acting on behalf of that entity, including without limitation any of its predecessors, successors, parents, subsidiaries, affiliates, partners, attorneys, employees, contractors, agents, accountants, investigators and experts.

2.       "Intelligent Beauty" means Intelligent Beauty, LLC and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors,

agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

3.     "Bare Escentuals" means Bare Escentuals, Inc. and its predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

4.     "IB Litigation" means the case captioned *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC*, Case No. 09-CV-00382-CRB (N.D. Cal.).

5.     "Document" or "documents" has the same meaning as "writings," which is defined in Fed R. Civ. P. 34(a) and Fed R. Evid. 1001, including any preliminary versions, drafts or revisions, and electronically-stored documents, as defined below.

6.     "Electronically stored information" or "ESI" means, without limitation, the following:  (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (author, recipient, file creation date, file modification date, etc.); (ii) internal or external web sites; (iii) output resulting from the use of any software program, including without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages or bulletin board programs, operating systems, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, a file fragment, a backup tape or is deemed "not reasonably accessible" per Federal Rule of Civil Procedure 26(b)(2)(B); and (iv) activity listings of electronic mail receipts and/or transmittals; and any an all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnet tape, microfiche, or on any other media for digital data storage or transmittal, such

as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7.      "Professional services" means any work performed by you for Intelligent Beauty.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes all original and all non-identical copies of all documents, as defined herein, sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

9.      "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was prearranged, or whether or not the meeting was formal or informal or occurred in connection with some other activity.

10.     "Control" means, without limitation, possession, custody or control of the document, including the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from any service provider or professional firms.

11.      "Person" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation or government body.

12.     The term "any" and the term "all" shall each mean "any and all."  The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

13.     "Refer" or "relate" and "referring" or "relating" shall include the terms of describing, evidencing, constituting, comprising, consisting of, containing, discussing, mentioning, pertaining to, reflecting upon, and representing.

14.     The singular of any term shall include the plural, and the plural of any term shall include the singular.

## III.    INSTRUCTIONS

1.     You are instructed to maintain each document in your possession, custody or control, which is encompassed by the descriptions below, without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive.

2.     These requests, and the definitions and instructions set forth herein, shall be deemed continuing so as to require you to maintain until the final resolution of this case all responsive documents in your possession, custody or control as of the date of this subpoena and all responsive documents that come into your possession, custody or control after the date of this subpoena.

3.     All documents shall be preserved so that they may later be produced in the file folder, envelope or other container in which the documents are kept, maintained or stored in the ordinary course of business.

4.     In preserving documents and other materials, you are requested to preserve all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5. The original of each document requested, together with all non-identical copies and drafts of that document, should be preserved.

6. The fact that a document is preserved or produced by a defendant or other subpoenaed third party will not relieve you of the obligation to preserve, or subsequently produce, your copy of the same document, even if the two documents are identical in all respects.

## IV. ADDITIONAL INSTRUCTIONS CONCERNING PRESERVATION OF ELECTRONIC AND COMPUTER DOCUMENTS

You shall preserve in its original form all ESI that would be responsive to any of the Requests set forth below as if they were the subject of a continuing request for production of documents from a party under the Federal Rules of Civil Procedure. You shall suspend any activity, policy or practice that may alter, delete, or render not reasonably accessible any responsive ESI. This suspension applies to both normal data destruction and backup tape rotation and recycling programs where such programs risk destroying or altering responsive ESI. You shall not recycle or reuse any backup tape containing ESI that would be responsive to any of the Requests set forth below. ESI shall not be converted to a form that alters the ESI, deletes the ESI, downgrades its accessibility and/or degrades its searchability. You should also preserve any application software necessary to view relevant ESI to the extent such application software is proprietary or otherwise not commercially available.

## V. RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from January 1, 2004 through the present and shall include all documents and information which related in whole or in part to such period or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## VI.   DOCUMENTS TO BE PRESERVED

REQUEST NO. 1:    All documents that support or relate to Intelligent Beauty's legal theories, affirmative defenses or counterclaims in the IB Litigation, including without limitation all documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, including, but not limited to, non-identical drafts and final versions of pleadings, deposition transcripts, deposition digests, correspondence, memoranda, investigative reports, expert analyses, notes, and e-mails, whether created or obtained before or after the IB Litigation complaint was filed, deposition transcripts and summaries and documents produced by Bare Escentuals or any other party or non-party to Intelligent Beauty in the IB Litigation, whether through formal discovery processes or otherwise.

REQUEST NO. 2:    All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club produced in the IB Litigation, whether by a party or non-party.

REQUEST NO. 3:    All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, constituting or concerning communications to or from Intelligent Beauty or Bare Escentuals, including, but not limited to, correspondence, files and written communication electronically preserved, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 4:    All documents that relate to Bare Escentuals' customer continuity program or the bareMinerals makeup club, constituting or concerning communications with or from consumers, the Better Business Bureau, state attorneys general or any other governmental agency, or any other consumer protection organization, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 5:     All documents collected, reviewed, provided to or prepared by you (or anyone acting on your behalf) in connection with or relating to any due diligence or analysis performed by any person or entity in connection with or relating to Bare Escentuals' customer continuity program or the bareMinerals makeup club, whether created before or after the IB Litigation complaint was filed.

REQUEST NO. 6:     All documents concerning your document destruction, retention and alteration policy in effect during the relevant time period, including without limitation, any such policies concerning electronically-stored documents and e-mail.

REQUEST NO. 7:     All documents concerning the preservation, search for, collection, maintenance, destruction or alteration of any and all documents (including e-mail and other electronic data) that were undertaken with respect to this action, including, without limitation, all such action taken after this action was filed but prior to this request.